UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-77 |
| RASHEED SMITH | SECTION: "P" |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Indictment filed by Defendant Rasheed Smith.[1] The Government opposes the motion.[2] For the reasons assigned below, Mr. Smith's motion is **DENIED**.

### I. BACKGROUND

On April 28, 2023, in a single-count indictment, a Grand Jury charged Rasheed Smith with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[3] According to the indictment, on or about January 16, 2023, Smith knowingly possessed a firearm that had been in and affected interstate commerce.[4] The indictment further states that, at the time he possessed the firearm, Smith knew he had previously been convicted of the following crimes in Louisiana state court and that each of the crimes is punishable by imprisonment for a term exceeding one year: (1) conspiracy to distribute cocaine, (2) attempted second degree murder, (3) convicted felon with a weapon, and (4) aggravated criminal damage to property.[5]

Section 922(g)(1) makes it "unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to "possess in or

---

[1] R. Doc. 29.
[2] R. Doc. 34.
[3] R. Doc. 1.
[4] *Id.* at 1–2.
[5] *Id.* at 1.

affecting commerce[] any firearm or ammunition."[6]  Smith argues 18 U.S.C. § 922(g)(1) is unconstitutional because it violates the Second Amendment and, thus, that the indictment charging him with violating § 922(g)(1) should be dismissed.[7]  In support of his motion, Smith contends that the Supreme Court's ruling in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), changed the landscape of the constitutionality of the right to possess a firearm.[8]  Under *Bruen*, Smith argues, if the Second Amendment's plain text covers an individual's conduct, the burden shifts to the Government to prove that the challenged regulation restricting such conduct is consistent with the Nation's historical tradition of firearm regulation.[9]  Smith therefore further argues that his motion should be granted and the indictment against him dismissed because his possession of a firearm outside of the home for self-defense is protected by the Second Amendment and because the Government cannot satisfy its burden of showing that a federal ban on felons possessing firearms is consistent with the Nation's historical tradition of firearm regulation.[10]

In response, the Government raises three main arguments.  First, the Government contends Smith's argument is foreclosed by Fifth Circuit precedent holding that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment.[11]  Second, the Government asserts that "felons" are not among "the people" protected by the Second Amendment.[12]  And third, the Government argues banning firearm possession by felons is consistent with the Nation's historical tradition of firearm regulation.[13]

---

[6] 18 U.S.C. § 922(g).
[7] R. Docs. 29, 29-1.
[8] R. Doc. 29-1 at 1.
[9] *Id.* at 3 (citing *Bruen*, 597 U.S. at 17).
[10] *Id.* at 3–5.
[11] R. Doc. 34 at 3–8.
[12] *Id.* at 8–12.
[13] *Id.* at 12–14.

## II.   LAW AND ANALYSIS

"The Fifth Circuit has held or otherwise stated in numerous binding, published opinions that the Second Amendment does not prohibit Congress from barring felons from possessing firearms."[14]  Although these opinions pre-date the Supreme Court's *Bruen* opinion, which modified the legal standard courts must apply when determining whether a firearms regulation violates the Second Amendment,[15] this Court has no power to declare that *Bruen* overturned the pre-*Bruen* Fifth Circuit precedent upholding 18 U.S.C. § 922(g)(1).[16] Instead, this Court is bound by the Fifth Circuit's pre-*Bruen* decisions upholding the constitutionality of 18 U.S.C. § 922(g)(1) and, therefore, must reject Smith's challenge, leaving it to the Fifth Circuit to decide for itself whether its prior decisions survive *Bruen*.[17]

Nevertheless, the Court also notes that, even if it had the power to declare that *Bruen* overturned Fifth Circuit precedent, the Court would follow the weight of authority of post-*Bruen* district court cases from this Circuit upholding 18 U.S.C. § 922(g)(1) on the basis that it is consistent with the Nation's historical tradition of firearm regulation.[18]

---

[14] *United States v. Jordan*, 650 F. Supp. 3d 531, 533 (W.D. Tx. 2023); *see also id.* at 533–535 (discussing *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001); *United States v. Darrington*, 351 F.3d 632 (5th Cir. 2003); *United States v. Everist*, 368 F.3d 517 (5th Cir. 2004); *United States v. Anderson*, 559 F.3d 348 (5th Cir. 2009); *United States v. Scroggins*, 599 F.3d 433 (5th Cir. 2010); and *United States v. Massey*, 849 F.3d 262 (5th Cir. 2017)).
[15] *See Bruen*, 597 U.S. at 17– 24.
[16] *See United States v. Thompson*, 670 F. Supp. 3d 381, 386 (E.D. La. 2023) (citing *In re Bonvillian Marine Serv., Inc.*, 19 F.4th 787, 789, 792 (5th Cir. 2021)).
[17] *Id.* ("[T]he authority to determine whether the Fifth Circuit's pre-*Bruen* precedent regarding the constitutionality of § 922(g)(1) has been overturned by an intervening change in the law lies with the Fifth Circuit alone.").
[18] *See, e.g.*, *United States v. Zelaya Hernandez*, 678 F. Supp. 3d 850, 855–59 (N.D. Tx. 2023) (finding that "banning firearm possession for convicted felons—a class of persons who have been criminally convicted of serious crimes and generally shown a serious disregard for the law and rights of others—passes constitutional muster" because "the law is sufficiently analogous to the historical understanding that dangerous persons or threats to public safety could be stripped of their Second Amendment right"); *United States v. Melendrez-Machado*, 635 F. Supp. 3d 545, 553 (W.D. Tx. 2022) ("[H]istorical tradition from the founding era supports disarming unvirtuous individuals who had committed crimes. . . . The category of 'unvirtuous citizens' . . . covers any person who has committed a serious offense, violent or nonviolent.") (cleaned up).

### III.   CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Defendant Rasheed Smith's Motion to Dismiss Indictment (R. Doc. 29) is **DENIED**.

New Orleans, Louisiana, this 16th day of August 2024.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**